UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62334-CIV-ZLOCH

BOTTEGA VENETA INTERNATIONAL,
S.A.R.L., a foreign business
entity,

            Plaintiff,

v.

XUEFENG PAN and DOES 1-10

            Defendants.

_____/

## ORDER GRANTING APPLICATION FOR PRELIMINARY INJUNCTION

THIS MATTER is before the Court on Plaintiff Bottega Veneta International, S.A.R.L.'s *Ex Parte* Application for Entry of a Temporary Restraining Order and Preliminary Injunction (the "Application for Preliminary Injunction") (DE 6), and upon the Preliminary Injunction Hearing held on January 5, 2011. The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

By the instant Application (DE 6), Plaintiff Bottega Veneta International, S.A.R.L. ("Bottega" or "Plaintiff"), moves for entry of a preliminary injunction against Defendant Xuefeng Pan ("Pan" or "Defendant") d/b/a the domain name bottegavenetas.com (the "Subject Domain Name") for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, and 1125(a) and (d).

The Court convened the hearing on January 5, 2011, at which only counsel for Plaintiff was present and available to present evidence

supporting the Application for Preliminary Injunction (DE 6). Defendant has not responded to the Application for Preliminary Injunction, nor any filing in this case, nor has Defendant appeared in this matter either individually or through counsel. Because Plaintiff has satisfied the requirements for the issuance of a preliminary injunction, the Court will grant Plaintiff's Application for Preliminary Injunction (DE 6).

## I. Factual and Procedural Background

On December 9, 2010, the Court entered a temporary restraining order on the following facts from Plaintiff's Complaint (DE 1), *Ex Parte* Application for Entry of a Temporary Restraining Order and Preliminary Injunction (DE 6), and supporting evidentiary submissions.

Bottega is a foreign corporation organized under the laws of Luxembourg with its principal place of business in the Luxembourg located at 12 Rue Leon Thyes, Luxembourg, Luxembourg L-26-36. (Compl. ¶ 2.) Bottega is engaged in the manufacture, promotion, distribution, and sale in interstate commerce, including within this Judicial District, of high quality products under the Bottega Mark. (Declaration of Stacy Feldman in Support of *Ex Parte* Application ["Feldman Decl."] ¶ 5.)

Bottega is, and at all times relevant hereto has been, the owner of all rights in and to the following Federally registered trademark:

| **Trademark** | **Registration Number** | **Registration Date** |
|---|---|---|
| BOTTEGA VENETA | 1,086,395 | February 28, 1978 |

(the "Bottega Mark") which is registered in International Classes 18 and 25, and is used in connection with the manufacture and distribution of, among other things, handbags, wallets, and shoes. (Feldman Decl. ¶ 5. <u>See also</u> United States Trademark Registration of the Bottega Mark at issue ["Bottega Trademark Registration"] attached as Exhibit 1 to the Feldman Decl.)

Defendant has advertised, offered for sale, and/or sold at least handbags, wallets, and shoes bearing what Plaintiff has determined to be counterfeits, reproductions, and/or colorable imitations of the Bottega Mark. (Feldman Decl. ¶¶ 10-15; Declaration of Brandon Scott in Support of *Ex Parte* Application ["Scott Decl."] ¶¶ 4-6.) Defendant is not now, nor has he ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, and/or colorable imitations of the Bottega Mark. (Feldman Decl. ¶ 10.)

As part of its ongoing investigations regarding the sale of counterfeit Bottega products, Plaintiff retained Brandon Scott ("Scott") of Brasco & Associates, LLC, to investigate suspected sales of counterfeit Bottega branded products by Defendant. (Feldman Decl. ¶ 11; Scott Decl. ¶ 3.) In November 2010, Scott accessed the Internet website operating under the Subject Domain Name, bottegavenetas.com, and placed an order for the purchase of a Bottega branded handbag. (Scott Decl. ¶ 4 and Composite Exhibit 1 attached thereto). Scott's purchase was processed entirely online, which

3

included providing shipping and billing information, payment, and confirmation of his order. (Id.)  Scott was able to communicate only electronically in connection with his purchase of the Bottega branded handbag via the bottegavenetas.com website.  (Scott Decl. ¶¶ 4-5.) Specifically, Scott exchanged email communication with Defendant via his customer service email address bottegavenetas@hotmail.com. (Scott Decl. ¶ 5 and Composite Exhibit 2 attached thereto.)

Thereafter, a representative of Bottega, Stacy Feldman, reviewed and visually inspected the bottegavenetas.com web page listing, as well as a detailed web page capture of the Bottega branded handbag purchased by Scott, and determined the handbag was a non-genuine Bottega product.  (Feldman Decl. ¶¶ 13, 15.)  Additionally, Feldman reviewed and visually inspected the items bearing the Bottega Mark offered for sale on the Internet website operating under the Subject Domain Name and determined the products were non-genuine products. (Feldman Decl. ¶¶ 14-15.)

On December 1, 2010, Plaintiff filed its Complaint (DE 1) against Defendant for federal trademark counterfeiting and infringement, false designation of origin, and cyberpiracy. On December 3, 2010, Plaintiff filed its *Ex Parte* Application for Entry of a Temporary Restraining Order and Preliminary Injunction and Order Authorizing Alternate Service of Process on Defendant (DE 6).

On December 9, 2010, this Court entered an Order Granting *Ex Parte* Relief for Alternative Service (DE 8) authorizing Plaintiff to serve the Summons, Complaint, *Ex Parte* Application, supporting

evidence, and all subsequent pleadings and discovery in this case upon Defendant via e-mail, and via publication by posting a copy of the Complaint and Summons on the Internet website http://servingnotice.com/pan/index.html. Additionally, the Court's December 9, 2010 Order (DE 8) granted Plaintiff's *Ex Parte* Application for a Temporary Restraining Order (DE 6) and temporarily restrained Defendant from infringing the Bottega Mark at issue. On December 13, 2010, Plaintiff filed its Motion to Extend Temporary Restraining Order and Continue Preliminary Injunction Hearing (DE 11).

On December 15, 2010, this Court issued an Order Granting Plaintiff's Motion to Extend Temporary Restraining Order and Continue Preliminary Injunction Hearing (DE 12), which extended the original Temporary Restraining Order (DE 8) until January 6, 2011 at 5:00 p.m, and continued the preliminary injunction hearing to January 5, 2011 at 9:30 a.m. Proof of Service confirming service on Defendant via e-mail and publication and compliance with the Court's December 9, 2010 Order (DE 8) was filed on December 17, 2010 (DE Nos. 13 and 14), certifying service of the *Ex Parte* Application for Entry of a Temporary Restraining Order and Preliminary Injunction and Order Authorizing Alternate Service of Process on Defendant (DE 6) and supporting papers, the Court's December 9, 2010 Order Granting *Ex Parte* Application (DE 8), the Motion to Extend Temporary Restraining Order and Continue Preliminary Injunction Hearing (DE 11), the Court's December 15, 2010 Order Granting Plaintiff's Motion to Extend

Temporary Restraining Order and Continue Preliminary Injunction Hearing (DE 12), and the Summons and Complaint, upon Defendant.

## II. Conclusions Of Law

The declarations and supporting evidentiary submissions Plaintiff submitted in support of its Application for Preliminary Injunction support the following conclusions of law:

A.   Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by Defendant's advertisement, promotion, sale, offer for sale, and/or distribution of handbags, wallets, and shoes bearing counterfeits, reproductions, and/or colorable imitations of the Bottega Mark, and that the products Defendant is selling are copies of Plaintiff's products that bear copies of the Bottega Mark on handbags, wallets, and shoes.

B.   Because of the infringement of the Bottega Mark, Plaintiff is likely to suffer an immediate and irreparable injury if a preliminary injunction is not granted.  It clearly appears from the following specific facts, as set forth in Plaintiff's Complaint, Application for Preliminary Injunction, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers because it is more likely true than not that:

1.   Defendant appears to be operating an Internet business which advertises, offers for sale, and sells, at least, handbags, wallets, and shoes bearing counterfeit and infringing trademarks in

violation of Plaintiff's rights;

2.    Plaintiff has well-founded fears that more counterfeit and infringing handbags, wallets, and shoes bearing Plaintiff's trademark will appear in the marketplace; that consumers may be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products;

3.    Plaintiff has well-founded fears that unless the injunction is granted, Defendant can easily and quickly transfer the registration for the Subject Domain Name, or modify registration data and content, change hosts, and redirect traffic to other websites, thereby thwarting Plaintiff's ability to obtain meaningful relief;

4.    The balance of potential harm to Defendant in restraining his trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and goodwill as a manufacturer of quality handbags, wallets, and shoes, if such relief is not issued; and

5.    The public interest favors issuance of the preliminary injunction in order to protect Plaintiff's trademark interests and the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Bottega International, S.A.R.L.'s *Ex Parte* Application for Entry of a Temporary Restraining

Order and Preliminary Injunction (DE 6) be and the same hereby is **GRANTED** as follows:

(1) Defendant, his officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order are hereby restrained and enjoined, pending termination of this action:

> (a) From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Bottega trademark identified in Paragraph 10 of the Complaint in this matter (the "Bottega Mark"), or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

> (b) From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Bottega Mark, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Bottega Mark, or any confusingly similar trademarks.

(2) Defendant, his officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order shall, until the conclusion of this action, discontinue the use of the Bottega Mark or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them including the Internet website operating under the Subject Domain Name;

(3) Defendant, his officers, directors, employees, agents,

subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order shall, until the conclusion of this action, discontinue the use of the Bottega Mark, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendant, including the Internet website operating under the Subject Domain Name;

(4) Defendant shall not transfer ownership of the Subject Domain Name during the pendency of this Action, or until further Order of the Court;

(5) VeriSign Global Registry Services, the top-level domain (TLD) Registry for the Subject Domain Name, upon receipt of this Preliminary Injunction shall, to the extent it is not already done, change the registrar of record for the Subject Domain Name to a holding account with the United States based Registrar GoDaddy.com, Inc.  GoDaddy.com, Inc. shall hold and/or continue to hold the Subject Domain Name in trust for the Court during the pendency of this action.  Additionally, GoDaddy.com, Inc., upon receipt of this Order, shall not modify the Domain Name System ("DNS") data it maintains for the Subject Domain Name, which links the domain name to the IP address where the associated website is hosted, from

9

NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which currently causes the domain name to resolve to the website where a copy of the Complaint, Summons and Orders and other documents on file in this action are displayed. Alternatively, GoDaddy.com, Inc. may maintain a domain name forwarding which will automatically redirect any visitor to the Subject Domain Name to the following Uniform Resource Locator ("URL") http://servingnotice.com/pan/index.html whereon a copy of the Complaint, Summons and Orders and other documents on file in this action are displayed. The Subject Domain Name shall be maintained on Lock status, preventing the modification or deletion of the domain by the registrar or the Defendant;

(6) Plaintiff may continue to enter the Subject Domain Name into Google's Webmaster Tools and cancel any redirection of the domain that has been entered there by Defendant which redirects traffic to the counterfeit operation to a new domain name and thereby evade the provisions of this Order;

(7) Defendant shall continue to preserve copies of all his computer files relating to the use of the Subject Domain Name and continue to take all steps necessary to retrieve and preserve computer files relating to the use of the Subject Domain Name and that may have been deleted before the entry of this Order;

(8) Plaintiff shall maintain its bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendant may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order

of the Court; and

(9) This Preliminary Injunction shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated to by the parties.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____5th_____ day of January, 2011.


_____
WILLIAM J. ZLOCH
United States District Judge

cc:  All Counsel of Record

11